**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WOLFRAM TIP–TOP CLEANERS, INC., Defendant.**

**No. 88–767C(3).**

United States District Court, E.D. Missouri, E.D.

Jan. 19, 1989.

Charles A. Shanor, Phillip B. Sklover, E.E.O.C., Washington, D.C., James R. Neely, Jr., Gretchen D. Huston, Thomas Borek, E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., for plaintiff.

James N. Foster, Jr., Daniel R. Begian, St. Louis, Mo., for defendant.

## ORDER

WILLIAM S. BAHN, United States Magistrate.

This case is currently before the undersigned for resolution of all discovery matters, pursuant to an order entered by the District Court on November 30, 1988. The parties appeared before the undersigned on January 18, 1989, with regard to plaintiff's Motion of Compel Discovery and defendant's Motion to Compel Discovery.

Defendant seeks to compel plaintiff to produce documents pursuant to defendant's Supplemental Request for Production of Documents served on October 21, 1988. With regard to Document Request Nos. 5 and 6, the plaintiff is to furnish defendant with copies of any informational reports concerning this case made by Kathy Luther or Lee Bishop.

Defendant's Document Request No. 7 has been mooted by compliance.

IT IS FURTHER ORDERED that the plaintiff is to comply with defendant's Document Request Nos. 11, 12 and 13 to the extent that reports of congressional inquiries, reports claiming dissatisfaction with the EEOC's case handling methods of evaluations, and/or criticisms of the EEOC's investigative techniques are in existence from the period of Brenda Thomas' discharge in August of 1985, through the completion of the investigation of the defendant on December 15, 1986.

The plaintiff IS HEREBY ORDERED to comply with defendant's Document Request Nos. 14 and 15, to the extent allowable by law for the period covering August of 1985, through December of 1986.

The plaintiff IS FURTHER ORDERED to comply with defendant's Document Request Nos. 16 and 17, concerning Kathy Luther and Lee Bishop to the extent that these requests reflect activity on subject case.

Defendant's Document Request Nos. 18 and 19 ARE HEREBY DENIED as irrelevant.

Plaintiff claims to have furnished the documents sought by defendant in Request Nos. 20 and 21. The plaintiff, however, IS HEREBY ORDERED to furnish any supplemental documentation which fits into this category with regard to this case. The plaintiff IS ORDERED to comply with Document Request No. 22, with regard to the period of the investigation of this case.

Document Request Nos. 23, 24, 25 and 26 ARE HEREBY DENIED as irrelevant.

Plaintiff claims to have complied with the subject matter sought through defendant's Document Request Nos. 27 and 28, as they affect the defendant. This is all that is required.

Plaintiff filed a Motion to Compel Discovery on January 13, 1989. Plaintiff seeks full and complete answers to their First Set of Interrogatories served on de-

fendant and their Second Request for Production of Documents served upon the defendant. The defendant IS HEREBY ORDERED to furnish answers to plaintiff's Interrogatories and compliance with said Document Requests for the time period of July 1, 1985, through January 31, 1986.

All parties are to comply with the above orders by February 1, 1989.

IT IS SO ORDERED.